IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 3:04cv1124-F |
| | ) | WO |
| STEVEN WAYNE GOODRICH | ) | |

**ORDER ON MOTION**

On January 9, 2006, the movant, Steven Wayne Goodrich, filed a pleading styled as a "Motion to Preserve *Booker* Claims under *Dodd*." (Doc. # 11.)  The court construes Goodrich's pleading to contain a motion for leave to amend his 28 U.S.C. § 2255 motion to assert claims based on *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005).

Fed.R.Civ.P. 15(a) instructs that leave of the court to amend pleadings "shall be freely given when justice so requires."  Nevertheless, a motion to amend may be denied on "numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Maynard v. Bd. of Regents of Universities of Fla. Dept. of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (citations and internal quotation marks omitted).  The claims in the instant motion are premised on *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005).  However, the Eleventh Circuit Court of Appeals has held that *Booker* does not apply retroactively to cases that become final before *Booker* was decided.  *See Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005) (initial § 2255 proceedings); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (second or successive applications).  A review of

the record reflects that Goodrich's conviction became final well before *Booker* was decided. Thus, Goodrich's amendment is futile as a matter of law.  Accordingly, it is

> ORDERED that the motion for leave to amend be and is hereby DENIED.

Done this 13th day of January, 2006.

                                           /s/Charles S. Coody
                                  CHARLES S. COODY
                                  CHIEF UNITED STATES MAGISTRATE JUDGE