IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | Civ. Case No. 3:04cv1124-WHA |
| | ) | (WO) |
| STEVEN WAYNE GOODRICH | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This matter is before the court on the defendant's pro se motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. On July 27, 2002, Steven Wayne Goodrich ("Goodrich") was convicted of one count of conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846; one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1); one count of possession of pseudoephedrine knowing that it would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2); and one count of manufacturing and possessing with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). On September 23, 2003, Goodrich was sentenced to 240 months' imprisonment on the conspiracy count and 151 months' imprisonment on each remaining count, with the sentences to be served concurrently.

On direct appeal, Goodrich raised the following issues:

1. Whether the defendant was denied a fair trial when his case was not severed from his co-defendants; and

>   Whether the evidence supported the jury's findings (a) as to Count I of the indictment regarding the amount of narcotics made, possessed, or distributed; and (b) as to the defendant's participation in a conspiracy to make, possess, or distribute methamphetamine.

*Goodrich v. U.S.*, [No. 02-16460] 2003 WL 23413294, at *2 (11th Cir. 2003). On December 4, 2003, the Eleventh Circuit Court of Appeals affirmed his convictions. (Doc. No. 8, Gov's Exh. E.)[1]

On November 15, 2004, Goodrich filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In his motion, Goodrich asserts the following claims:

>   1. His conviction was obtained based upon a violation of his Sixth Amendment right to counsel because state and federal officials placed defendant in cell with an informant who was likely to provide information to government because informant, LaFonce Walker ("Walker"), was under an agreement to provide information thus was a state agent.
>
>   2. Trial counsel failed to state a claim that Walker's jury testimony was obtained in violation of defendant's Sixth Amendment right to counsel.
>
>   3. Appellate counsel failed to raise violation of right to counsel claim alleged in grounds one and two above on direct appeal as plain error.
>
>   4. Trial and appellate counsel ineffectively argued the severance issue. Trial counsel's failure to argue that his defense was contrary to his co-

---

[1] *See also United States v. Turner*, [No. 02-16460] 88 Fed.Appx. 390 (11th Cir., December 4, 2003) (Table).

     defendants' and that the evidence against his co-defendants was so overwhelmingly strong as compared to the evidence against Goodrich that the jury could not compartmentalize all the evidence and not use it improperly against Goodrich.

  5. Ineffective assistance of trial and appellate counsel based on counsel's failure to make a necessary, obvious, and significant *Bruton* objection.

  6. Ineffective assistance of counsel because counsel's decision to file an appeal resulted in Goodrich being sentenced to 240 months instead of 151 months.

(Doc. No. 1.) The Government responded to the § 2255 motion, asserting that Goodrich's claim that he was interrogated by a government agent in violation of the Sixth Amendment is procedurally defaulted and that his remaining claims are without merit. (Doc. No. 8.) Goodrich was afforded an opportunity to respond to the Government's submission and has done so. (Doc. No. 10.) After due consideration, the court concludes that Goodrich's motion should be denied.

## II.  DISCUSSION

### A.  The Government Informant Claims

  The Government contends that Goodrich's Sixth Amendment claim is procedurally defaulted because his right-to-counsel claim could have been, but was not, raised on direct appeal. (Doc. No. 8 at p. 5.) Because the court concludes that Goodrich's contention is without merit, the court pretermits discussion of the procedural default issue. *See Stano v.*

3

*Butterworth*, 51 F.3d 942, 977 (11th Cir. 1995).

Goodrich contends that LaFonce Walker ("Walker"), an inmate in his cellblock at the Montgomery City Jail, was a government informant who interrogated him in violation of his right to counsel. Specifically, Goodrich alleges that Walker was directed by the Government to gather information that would assist its prosecution of criminal cases, that Walker was promised a downward departure at sentencing in his own case, and that this arrangement made him a government agent for Sixth Amendment purposes.

During trial, Walker testified that, on or around January 17, 2002, he shared a cell with Goodrich in the Montgomery City Jail. (Criminal Trial Transcript, Vol. 12 at R. 695.) Walker stated that he had several discussions with Goodrich concerning illegal drug activity, including his methods for manufacturing methamphetamine. (R. 692-736.) It is undisputed that Walker questioned Goodrich and took notes during their conversations. (R. 697.) Walker also indicated that he contacted a law enforcement official regarding his discussions with Goodrich only after all of his conversations with Walker were completed. (R. 718.)

Goodrich's Sixth Amendment claim is governed by *Massiah v. United States*, 377 U.S. 201 (1964), *United States v. Henry*, 447 U.S. 264 (1980), *Maine v. Moulton*, 474 U.S. 159 (1985), and *Kuhlmann v. Wilson*, 477 U.S. 436 (1986). In *Massiah*, the Court held that a defendant's Sixth Amendment right to counsel was violated when incriminating statements "deliberately elicited from him after he had been indicted in the absence of counsel" were used against him at trial. 377 U.S. at 206. In *Henry*, the Court concluded that federal agents

4

had violated the defendant's Sixth Amendment right to counsel "[b]y intentionally creating a situation likely to induce [the defendant] to make incriminating statements without the assistance of counsel." 477 U.S. at 274. In addition, the court in *Moulton* held that when charges are pending and a State knowingly exploits an opportunity to elicit incriminating statements from a defendant, without counsel being present, the defendant's Sixth Amendment right to counsel is violated. 474 U.S. at 176. The Court reasoned that "the Sixth Amendment is violated when the State obtains incriminating statements by knowingly circumventing the accused's right to have counsel present in a confrontation between the accused and a state agent." *Id.*

Finally, in *Kuhlmann*, the Court addressed whether the Sixth Amendment forbids admission in evidence of an accused's statements to a jailhouse informant who was placed in close proximity to a defendant. The Court concluded that

> the primary concern of the *Massiah* line of decisions is secret interrogation by investigatory techniques that are the equivalent of *direct police interrogation*. Since "the Sixth Amendment is not violated whenever – by luck or happenstance – the State obtains incriminating statements from the accused after the right to counsel has attached," a defendant does not make out a violation of that right simply by showing that an informant, either through prior arrangement or voluntarily, reported his incriminating statements to the police. Rather, the defendant must demonstrate that the police and their informant took some action, beyond merely listening, that was designed to elicit incriminating remarks.

*Id.* at 436. *See also Stano v. Butterworth*, 51 F.3d 942, 977-78 (11th Cir. 1995); *Lightbourne v. Dugger*, 829 F.2d 1012, 1021 (11th Cir. 1987); *U.S. v. Hicks*, 798 F.2d 446, 449 (11th Cir.

1986). Thus, "[i]n order to establish a violation of the Sixth Amendment, in a jailhouse informant case, the accused must show (1) that a fellow inmate was a government agent; **and** (2) that the inmate deliberately elicited incriminating statements from the accused." *Lightbourne*, 829 F.2d at 1020 (emphasis added). *See also United States v. Gaddy*, 894 F.2d 1307, 1313 (11th Cir. 1990); *Depree v. Thomas*, 946 F.2d 784, 793 (11th Cir. 1991). Consequently, the Sixth Amendment right to counsel is not implicated "'when, after the right to counsel has attached, statements by a defendant are made to an individual who is not an agent for the Government, although he may be a Government informant. This is so regardless of whether the statements were 'deliberately elicited'" by an informant. *Stano*, 51 F.3d at 978 (quoting *United States v. Taylor*, 800 F.2d 1012, 1015 (10th Cir. 1986)).

    Goodrich has failed to show that Walker was acting as a government agent when they engaged in conversation regarding drug activity in January 2002. Goodrich relies on Walker's plea agreement with the government and the timing of his conversation with Walker to support his contention that Walker was acting as an agent of the government. However, the existence of a broad agreement does not compel this court to conclude that Walker was acting as a government agent. In addition, Goodrich has failed to point to any evidence demonstrating that Walker "received instructions from the police, from the prosecutors, or from anyone else to do anything whatsoever concerning" Goodrich's case. *See Stano*, 51 F.3d at 977. This is not a situation which involves the Government's creation or deliberate exploitation of an opportunity to question the defendant without the presence

6

of his attorney. *See Hicks*, 798 F.2d at 448. Rather, this is a situation in which law enforcement officers, through "luck or happenstance," fortuitously obtained incriminating statements from Goodrich. *See Lightbourne*, 829 F.2d at 1021. The mere fact that Walker hoped to benefit from reporting Goodrich's statements to the police does not transform Walker into a government agent. Walker's "motives alone cannot make him an agent of the police even if the police knew and understood that his motives probably were self-serving and related to getting police cooperation in his own case." *Lightbourne*, 829 F.2d at 1021.

Moreover, the Eleventh Circuit has admonished trial courts to "be slow to discourage disclosures or make them useless." *Id.* This court is mindful of "the duty that is imposed upon all citizens to report criminal activity to the appropriate authorities" even when they are criminal defendants. *Id.* at 1020. Given that Goodrich has failed to show that Walker was acting as a government agent when he solicited statements from him, this court concludes that Goodrich has failed to demonstrate a Sixth Amendment violation.[2]

### B. Ineffective Assistance of Counsel

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To prevail on a claim of ineffective assistance of counsel, a movant must satisfy both

---

[2]Goodrich argues he is entitled to an evidentiary hearing on this claim. The burden of establishing the need for an evidentiary hearing, however, is on the petitioner. *Birt v. Montgomery*, 725 F.2d 587 (11th Cir.), cert, denied, 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984). In considering whether a petitioner has satisfied that burden, a federal habeas court "will not 'blindly accept speculative and inconcrete claims.' " *Dickson v. Wainwright*, 683 F.2d 348, 351 (11th Cir.1982). Thus, a district court is not required to conduct an evidentiary hearing where, as here, a habeas petitioner makes a conclusory allegation unaccompanied by a proffer of evidence. *Lindsey v. Smith*, 820 F.2d 1137, (11th Cir. 1987). Goodrich has offered no such evidence, and the evidence at trial strongly suggests that Walker acted solely on his own to secure a better sentence for himself.

7

prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

To succeed on a claim of ineffective assistance, a movant must first establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see Strickland*, 466 U.S. at 689. Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel *at the time of the representation*." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992) (emphasis in original); *see Strickland*, 466 U.S. at 690. "A fair assessment of attorney performance requires that every

8

effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at that time." *Strickland*, 466 U.S. at 689.

The prejudice component of the *Strickland* test focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *See Strickland*, 466 U.S. at 687. Unreliability or unfairness is not established if counsel's assistance did not deprive the defendant of any constitutionally protected right. *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000).

To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "[P]etitioners must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. [T]hat the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." *Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) (alteration in original) (quoting *Strickland*, 466 U.S. at 693).

Unless a movant satisfies both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, a court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one." *Id*. at 697.

*See, e.g., Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

### 1. The *Henry* Claim

Goodrich asserts that trial counsel was ineffective for failing to object to Walker's testimony on the grounds that Walker was a government agent. Specifically, Goodrich alleges that trial counsel should have determined whether Walker was acting as a government agent prior to trial. The record clearly demonstrates that, during cross-examination, trial counsel questioned Walker concerning his contact with law enforcement officials and the details of his plea agreement. (Vol. 12, R. 724-27.) Moreover, as previously discussed, Goodrich's claim that Walker was a government agent who obtained statements from Goodrich in violation of his right to counsel is without merit. Thus, Goodrich has failed to establish that trial counsel was ineffective for failing to raise this non-meritorious objection at trial. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). *See also West v. Sec'y for Dep't of Corr.*, 151 Fed.Appx. 820, 824, 2005 WL 2333615 (11th Cir. 2005). Moreover, Goodrich also fails to demonstrate that the outcome of Goodrich's trial would have been different had his testimony been excluded.

### 2. The Motion to Sever

Goodrich asserts that trial counsel was ineffective for failing to submit an adequate motion to sever prior to trial. Specifically, he argues that a severance would have been granted if counsel would have argued that his defense was contrary to that of his co-

defendants and that the jury would not be able to isolate the overwhelming evidence introduced against the co-defendants from the evidence against him. In addition, he contends that trial counsel should have made an additional motion to sever when statements from his co-defendant, Mark David Turner, were introduced during trial. Specifically, he asserts that counsel should have objected on the basis of *Bruton v. United States*, 391 U.S. 123 (1968).

### a.   *The Pre-Trial Motion to Sever*

Prior to trial, counsel filed a motion to sever, in which he asseverated:

> A classic case calling for severance is . . . in which the introduction of a co-defendant's extrajudicial statement incriminates the defendant. *See Bruton v. United States*, 391 U.S. 123, 88 L.Ed.2d 476, 20 L.Ed.2d 476 (1968). This is just such a case.
>
> Steven Wayne Goodrich is charged with conspiring with Mark David Turner and another person to distribute drugs. Included in the discovery materials is documentation of one occasion when Defendant Goodrich was merely a passenger in an automobile driven by Co-Defendant Turner. The only other connection between Defendant Goodrich and the other alleged co-conspirators is notes of extrajudicial statements made by the alleged co-conspirators which have not been signed or adopted in any way.
>
> Thus, prejudice to Defendant Goodrich from the introduction of Turner's and his co-conspirators' extrajudicial statements would be severe.

(Criminal Case No. 3:02cr13-WHA, Doc. No. 28.) On April 4, 2002, this court adopted the recommendation of the Magistrate Judge and denied Goodrich's motion to sever. The Court determined that *Bruton* was not applicable because Goodrich failed to show that any of the

11

statements were "facially incriminating." In addition, the Court noted that defense counsel did not assert in her brief that the extrajudicial statements mentioned him or otherwise inculpated him. The Court further noted that Goodrich was "free to raise the *Bruton* issue at trial if the United States fail[ed] to comply with the requirements of *Richardson*."[3]

The Court also construed defense counsel's brief as expressing concern about the dangers of a joint trial. The Court concluded that Goodrich had failed to offer any reason demonstrating why the court's instructions to the jury that it should consider the evidence separately as to each defendant could not adequately protect him from the possibility of prejudice from "spillover evidence" at trial.

To the extent Goodrich asserts that trial counsel was ineffective for failing to file an adequate motion to sever, he has failed to demonstrate that counsel's actions prejudiced his case. This Court considered the applicability of *Bruton* and the possibility of prejudicial evidence being introduced at trial. In his § 2255 motion, Goodrich has failed to present any facts demonstrating that the extrajudicial statements were "facially incriminating," that the defense theories were mutually exclusive, or that the court's instructions failed to protect him from "spillover evidence" during trial. This court therefore concludes that Goodrich is not entitled to relief with respect to his claim that trial counsel was ineffective for failing to pursue these arguments adequately in his pre-trial motion to sever.

---

[3] *Richardson v. Marsh*, 481 U.S. 200 (1987).

### b.     *The Objections to the Recommendation*

To the extent Goodrich contends that trial counsel was ineffective for failing to file an objection to the Magistrate Judge's Recommendation, the Court concludes that his contention is unavailing. Goodrich has failed to show that an objection to the Recommendation would have been successful. Moreover, on appeal, the Eleventh Circuit determined that, even if Goodrich had not waived his severance claim on appeal, his contention was meritless.[4] (Doc. No. 8, Attach. E, p. 4.) A defendant "cannot be prejudiced by his counsel's failure to make a losing objection." *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005).

### c.     *An Additional Motion to Sever*

The Court likewise concludes that Goodrich has failed to demonstrate that he was prejudiced as a result of counsel's failure to submit an additional motion to sever on the basis of *Bruton* during his trial. Although Goodrich asserts that the introduction of Turner's statement demonstrated that a severance was necessary, it is clear that the statement was not "facially incriminating."

Under *Bruton*, *supra*, a non-testifying co-defendant's statement is inadmissible if the statement facially incriminates another defendant. If, however, the statement does not facially incriminate another defendant but merely becomes incriminating after being linked

---

[4] With regard to the severance contention, the court stated, "we conclude it is meritless. Goodrich has not alleged or offered any argument that his defense would have been contrary to that of his co-defendants." *United States v. Turner*, 88 Fed. Appx. 390, *4 (11th Cir. 2003) (Table).

with evidence that is later introduced at trial, the statement may be introduced if redacted so as "to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

During trial, Lee County Sheriff Department Captain Lee Majors testified that, while conducting routine highway safety checks, he stopped a vehicle in which Turner was the driver and Goodrich was a passenger. (Vol. 11 at R. 400-02.) Majors found an ammonia tank, marijuana, methamphetamine, and Sudafed tablets during a search of the vehicle. (R. 404.) Majors stated that Turner denied ownership of the drugs and chemicals in the car, but admitted that the marijuana belonged to him. (R. 414.) Majors also testified that, when he questioned Turner about where he lived, Turner acted evasive and told him that he lived out of his car and that he was staying with Goodrich. (R. 415.) In addition, Majors read the following statement, which was signed by Turner, to the jury:

> [T]onight I was at Steve Goodrich's house on 431 North. I left there with him and his girlfriend, Karen, in her car. We went from there to Johnny Ray's house to get my car. I had let him use my car today. The only place we stopped was at the store to get some gas. We didn't stay at Johnny Ray's but a few minutes. Karen left, and then we left right after that. That's when we got stopped at the checkpoint. I don't know anything about the meth or chemicals that was found in my car. All I know about was a little bit of marijuana in my pocket and my muscle relaxers. I shouldn't test positive for meth, because I haven't used any in about two weeks. The grinder in the car is new and never been used. I bought it for grinding ice for mixed drinks, not to grind pills with. The clear plastic jug was mine. I got it for making tea. This statement is true and correct to ... the best of my knowledge.

(R. 418-19.)

It is clear that Turner's statement simply recounted his activities and only referred to Goodrich as someone whose house he had visited earlier in the day. The court therefore concludes that, on its face, Turner's statement did not incriminate Goodrich. *See Bruton*, *supra*. In addition, this court's review of the record indicates that Turner's statement did not become incriminating even after other evidence against Goodrich and his co-defendants was introduced at trial. Consequently, Goodrich has failed to show that counsel's failure to submit an additional motion to sever during trial prejudiced his case. *See Richardson*, *supra*.

### 3. Ineffective Assistance of Appellate Counsel

Goodrich contends that appellate counsel was ineffective for failing to raise claims that a government agent interrogated him in violation of his Sixth Amendment right to counsel and that Walker's extrajudicial statement was introduced in violation of *Bruton*. In addition, he asserts that appellate counsel inadequately presented the issue concerning a joint trial on appeal.

The test used to evaluate claims of ineffective assistance of trial counsel applies equally to an analysis of claims of ineffective assistance of appellate counsel. *See Jackson v. Dugger*, 931 F.2d 712, 715 (11th Cir. 1991). Appellate counsel cannot be deemed ineffective for failing to raise meritless claims on appeal. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000); *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure

to raise nonmeritorious issues does not constitute ineffective assistance").

As previously discussed, Goodrich's claims of ineffective assistance of trial counsel and the substantive claims subsumed within the ineffectiveness claims, including his contentions concerning the *Henry* rule and a *Bruton* violation are without merit. Thus, Goodrich has failed to show that appellate counsel's performance was deficient and that he suffered prejudice as a result of the omission of the aforementioned claims on direct appeal. *See Strickland, supra.*

Goodrich has also failed to show that appellate counsel rendered ineffective assistance by failing to present additional argument regarding the severance issue on appeal. First, appellate counsel cannot be deemed to have rendered ineffective assistance by failing to present arguments that were not preserved for appeal. *See Serrano v. Crosby*, 2006 WL 148990, *5 (M.D. Fla. 2006). Secondly, as previously discussed, Goodrich has failed to show that the defense theories were mutually exclusive or that the court's instructions failed to protect him from "spillover evidence" during trial. Consequently, Goodrich has failed to demonstrate that he suffered prejudice as a result of counsel's failure to provide additional argument regarding these issues in her brief. The court therefore concludes that Goodrich's claim that appellate counsel was ineffective for failing to provide additional analysis regarding the severance issues in her brief does not satisfy the *Strickland* standard.[5]

---

[5] In Ground Six of his § 2255 motion, Goodrich also contends that appellate counsel was ineffective because counsel's decision to file an appeal caused him to be sentenced to 240 months' imprisonment instead of 151 months' imprisonment. (Doc. No. 1 at p.7.) In its response, the Government
(continued...)

16

Based on the foregoing, the court concludes that Goodrich's § 2255 motion with respect to his claims of ineffective assistance of trial and appellate counsel are due to be denied.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied as the claims presented therein entitle the defendant to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before December 19, 2006.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See*

---

[5](...continued)
argues that Goodrich has failed to show that counsel was ineffective because an enhancement for a prior conviction triggered a mandatory minimum sentence of 240 months' imprisonment. (Doc. No. 8 at p. 18.) In his reply to the Government's argument, Goodrich "respectfully requests the Court to allow him to withdraw his Ground Six claim." (Doc. No. 10 at p.1.) Because Goodrich withdrew this ineffective assistance of counsel claim from his § 2255 motion, the court will not consider his contention that the filing of an appellate brief caused him to receive a more severe sentence.

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done this 6th day of December, 2006.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE